GAUDIN, Judge.
Peggy A. Darr received a five-year suspended jail sentence on February 11, 1977. She was placed on active probation for five years with two special conditions: (1) that she pay a $100.00 fine plus court costs and (2) that she report to the Odyssey House for drug treatment.
Darr did not pay the fine and in May of 1980 she stopped reporting to her probation officer. A warrant was issued but a service attempt was then unsuccessful as Darr was in New Mexico using an alias, Charlotte Laudin.
Subsequently, Darr returned to Louisiana and in the spring of 1986 she was arrested in Pointe Coupee for driving while intoxicated. The state filed a rule to revoke Darr’s five-year probation on June 12, 1986; and on August 6, 1986, probation was revoked.
On appeal, Darr argues that the rule to revoke was not timely filed and that the revocation was based on events that occurred after the probationary period had ended. We affirm the trial judge’s revocation decree.
Darr’s probationary term was suspended and ceased running in 1980 when she left this state and couldn’t be served with the warrant. LSA-C.Cr.P. art. 899 states that if a warrant is issued for the arrest of a person accused of violating conditions of probation, the running of the period of probation shall cease as of the time the warrant ... is issued.”
In the official comments under Art. 899, this is included:
“The provision that the running of the period of probation shall cease as of the time the warrant was issued, is quite important. It prevents a probation violator concealing himself or fleeing from the state until the probationary period has run, and then claiming to have completed his probation and satisfied his sentence under Article 898. Under Paragraph D the period of concealment or absence can not be counted in satisfaction of the defendant’s period of probation.”
Thus, Darr’s probation did not expire on February 11, 1982, as she contends; instead, the period was statutorily suspended. While in New Mexico, Darr, using her alias Charlotte Laudin, pled guilty to two counts of obtaining a controlled dangerous substance by fraud. She was placed on probation.
At the revocation hearing on August 6, 1986, the state called probation officer Irvin Schwary, who testified that Darr had violated both special conditions and various general conditions of her probation. The state produced (1) a computer readout indicating that Darr’s alias is Charlotte Laudin and a certified copy of the New Mexico criminal proceedings, (2) a request from New Mexico asking that a de- *1014 tainer be placed on Charlotte Laudin, a/k/a Peggy Darr, (3) a photostatic copy of a picture of Charlotte Laudin, and (4) a conviction from Pointe Coupee naming Lau-din/Darr as the perpetrator.
Also, the probation officer testified that Peggy Darr admitted that she was Charlotte Laudin. Darr did not testify at the hearing. At the conclusion, the trial judge said:
"... the Court has no choice but to find that she is Peggy Darr ... and the Court believes from the evidence ... that she’s also known as Laudin ... The probation is revoked ...”
The evidence supports the revocation decree and we will not disturb it.
AFFIRMED.